# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

C.H. ROBINSON WORLDWIDE, INC.,

    Plaintiff,

v.                                                         CASE NO.   8:19-cv-916-T-02SPF

PHILLIPS PRODUCE LLC, *et al.*,

    Defendants.
_____/

## **O R D E R**

Before the Court is Plaintiff's Motion for Default Judgment against all three Defendants (Dkt. 18). After carefully considering the motion, the affidavits and exhibits, and the entire court file, the Court concludes a default final judgment is due to be entered.

## BACKGROUND

Plaintiff, as a wholesale seller of fruits and vegetables nationwide, seeks damages under the Perishable Agricultural Act, 1930, 7 U.S.C. § 499a *et seq.* ("PACA"). Dkt. 1. Defendants Phillips Produce LLC ("Phillip Produce") and Big Red Barn LLC ("Big Red Barn") are "dealers" and "commission merchants" of perishable agricultural commodities within the meaning of PACA. Dkt. 1 ¶¶ 5,6. Defendant Christopher Phillips was a responsible owner, shareholder, officer

and/or director as well as a person in control of the assets of both Phillips Produce and Big Red Barn.  Dkts. 1 ¶¶ 7, 31-36, 43-47; 18-1 ¶¶ 2, 3.

Plaintiff sold, on credit, produce to Phillips Produce between June and October 2017 for $133,094.10, which remains unpaid after demand.  Dkts 1 ¶ 13, 18-1 ¶ 7.  During August 2017, Plaintiff sold, on credit, produce to Big Red Barn for $13,545.00, which remains unpaid after demand.  Dkts 1 ¶24, 18-1 ¶ 8.  The invoices contained the requisite statutory language giving notice of the intent to preserve PACA trust benefits.  Dkts. 1 ¶¶ 13, 16, 24, 27; 1-1; 1-2; 18-1 ¶¶ 11-13; *see* 7 U.S.C. § 499e(c)(4).  Defendants accepted the produce without objection and continue to dissipate the statutory trust assets.  Dkts. 1 ¶¶ 11, 12, 18, 22, 23; 18-1 ¶¶ 9, 10.

Despite being served with the summons and complaint (Dkts. 11, 12, 13), Defendants failed to plead or otherwise defend this action.  A clerk's default against all three Defendants was entered on July 24, 2019.  Dkt. 17.[1]

## LEGAL STANDARD

To determine whether the moving party is entitled to a default final judgment under Rule 55(b), the Court must review the sufficiency of the complaint

---

[1] Plaintiff complied with this Court's order of August 27, 2019, by serving a copy of the motion for default and exhibits to the Defendants.  Dkts. 19, 20.

and its underlying substantive merits. *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). For purposes of liability, a defaulting defendant admits only the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] If there is a "sufficient basis in the pleadings," a default judgment should be entered. *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 733 (11th Cir. 2016) (quoting *Nishimatsu*, 515 F.2d at 1206).

Once the Court has established liability, then it must conduct an inquiry to ascertain the amount and character of damages to be awarded. *Whole Space Indus. Ltd. v. Gulfcoast Int'l Prods., Inc.*, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citing *Wallace v. Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008)). "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artist Corp. v. Freeman*, 605 F.2d 854, 857

---

[2]"The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

(5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation [judgment may be entered on an affidavit]."). A hearing is not necessary if essential evidence is before the Court. *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

**DISCUSSION**

All three Defendants are liable under PACA. The limited liability companies are liable as dealers and commerce merchants. *See* 7 U.S.C. § 499b(4) ("It shall be unlawful . . . [f]or any commission merchant, dealer, or broker . . . to fail . . . to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction [occurred.]"); 7 U.S.C. § 499e(a) ("If any commission merchant, dealer, or broker violates any provision of section 499b . . . he shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation."); *Crescent Fruit & Vegetables, LLC v. Advance Produce, Inc.*, No. 8:15-cv-366-T-36TGW, 2015 WL 13566922, at *2 (M.D. Fla. Sept. 1, 2015) (finding liability on default final judgment against limited liability company in PACA case). Mr. Phillips, as the person responsible for the daily operations of Phillips Produce and Big Red Barn, is liable personally. Dkts. 1 ¶

4

7, 18-1 ¶¶ 2, 3; *see Red's Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339, 1343-44 (M.D. Fla.) (finding that employees and officers of corporation "who are in a position to control trust assets" are trustees and therefore liable under PACA), *aff'd*, 48 F. App'x 328 (table), (11th Cir. 2002).  Based on the breach of his fiduciary duty to Plaintiff, Mr. Phillips is jointly and severally liable for the unpaid produce.  *Packman1, Inc. v. Seasons Best Produce Corp.*, No. 8:18-cv-816-T-23MAP, 2019 WL 96429, at *3 (M.D. Fla. Jan. 3, 2019) (citations omitted).

In damages, Plaintiff is entitled to its principal, prejudgment interest, recoverable costs and reasonable attorney's fees.  Phillips Produce and Big Red Barn purchased and received produce from Plaintiff, at which time Plaintiff provided written notice of intent to preserve the trust benefits.  The Defendant limited liability companies became the trustees of the PACA trust for the benefit of Plaintiff until full payment was made.  *See* 7 U.S.C. § 499e(c)(4) and (2). Because they accepted and failed to pay for the produce, Plaintiff may recover its principal amount as a priority under PACA.  *See Country Best v.Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (stating PACA "creates a 'non-segregated floating trust,' which gives produce suppliers priority over . . . other creditors").

Under PACA, Plaintiff is also entitled to recover interest and attorney's fees "that the buyers and sellers have bargained for in their contracts" as additional related expenses. *Country Best*, 361 F.3d at 632. Here, the parties agreed, through the invoices, to a rate of interest and to the recovery of attorney's fees. All but one of the invoices provide: "You agree to pay interest at 1.5% per month and any attorney's fees incurred necessary to collect payment. Interest and attorney's fees necessary to collect payment are sums owing in connection with the transaction."[3] For the produce purchased by Phillips Produce, the interest totals $45,661.77, through August 19, 2019.[4] Dkt. 18-1 at 5. For the produce bought by Big Red Barn, the interest is $4,729.25. Dkt. 18-1 at 6.[5] The Court finds the damages are a sum certain, which is ascertainable by mathematical calculation and supported by the allegations of the complaint and the declarations.

---

[3] Dkts. 1-1 at 5 (invoice # 6065498750), 7 (invoice # 6067151861), 10 (invoice # 282839), 13 (invoice # 283862), 15 (invoice # 283958), 17 (invoice # 284113), 19 (invoice # 284264), 21 (invoice # 284669), 23 (invoice # 284879), 25 (invoice # 285087), 27 (invoice # 286092), 30 (invoice # 286689), 32 (invoice # 286748); 1-2 at 3 (invoice # 288606590). The language is missing from invoice # 6064262625. Dkt. 1-1 at 3.

[4] The interest of $2,162.54 was subtracted from the total interest claims of $47,824.31 because invoice # 6064262625 did not contain the language about interest or attorney's fees. Dkts. 1-1 at 3 (invoice # 6064262625); 18-1 at 5 (chart of interest charged for each invoice).

[5] Per diem interest accrues at the rate of $65.64 through the date of the default final judgment as to the produce purchased by Phillips Produce, and at $6.68 as to that purchased by Bed Red Barn. Dkt. 18-1 at 5-6.

Plaintiff seeks attorney's fees of $17,531.25, based on an hourly rate of $375. Dkt. 18-2 ¶ 8. Plaintiff is entitled to a reasonable attorney's fee pursuant to 7 U.S.C. §499g(b). Based on the chart at docket 21, without descriptions of the work performed and at what hourly rate, the Court is unable to make a determination of reasonableness. The same holds true for the costs sought in the amount of $1,621.91, and USDA handling fees in the amount of $1,000.00, which are neither broken down by item or amount or by copies of invoices.

It is therefore **ORDERED AND ADJUDGED**:

1) The Plaintiff's Motion for Default Judgment (Dkt. 18) is granted as to liability and damages. Plaintiff may refile a motion for attorney's fees supported by invoices with descriptions of the work performed and the hourly rate charged. Plaintiff may also refile a proposed Bill of Costs with supporting invoices and memorandum.

2) Plaintiff shall recover from Defendants Phillips Produce and Christopher Phillips, jointly and severally, the sum of $133,094.10, together with interest at the contract rate of 18.00% per annum of $45,661.77 through August 19, 2019, and continuing to accrue interest at the rate of $65.64 per diem through the date judgment is entered. After entry of judgment, post-judgment interest will accrue at the legal rate.

3) Plaintiff shall recover from Defendants Big Red Barn and Christopher Phillips, jointly and severally, the sum of $13,545.00, together with interest at the contract rate of 18.00% per annum of $4,729.25 through August 19, 2019, and continuing to accrue interest at the rate of $6.68 per diem through the date judgment is entered. After entry of judgment, post-judgment interest will accrue at the legal rate.

4) The Clerk is directed to enter a default final judgment against Defendants Phillips Produce and Christopher Phillips, jointly and severally, and in favor of Plaintiff in the amounts set forth in paragraph 2 above.

5) The Clerk is directed to enter a default final judgment against Defendants Big Red Barn and Christopher Phillips, jointly and severally, and in favor of Plaintiff in the amounts set forth in paragraph 3 above.

6) The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 16, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record